■ POPULAR CONSTRUCTION, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [702 NYS2d 341] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Garson, J.), dated July 8, 1998, which, *inter alia*, granted that branch of the defendant's motion which was for leave to serve an amended answer asserting the affirmative defense of Statute of Limitations, and thereupon granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in granting that branch of the motion of the defendant, New York City School Construction Authority (hereinafter the Authority), which was for leave to serve an amended answer to assert, *inter alia*, an affirmative defense based on the Statute of Limitations (*see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934).

The defendant moved for summary judgment dismissing the complaint on the grounds that the notice of claim was not timely filed and, in any event, that the complaint was time-barred. In order for a notice of claim to be timely, it must be filed within three months after the accrual of the claim (*see,* Public Authorities Law § 1744 [2] [i]). Further, the timely filing of a notice of claim is a condition precedent to the commencement of an action against the Authority (*see,* Public Authorities Law § 1744; *G.A. Contrs. v Board of Educ.,* 176 AD2d 856, 857). The claim here accrued when the plaintiff submitted detailed invoices to the Authority requesting final payment for the work it performed (*see, G.A. Contrs. v Board of Educ., supra; P & C Giampilis Contr. Co. v New York City School Constr. Auth.,* 211 AD2d 524). The plaintiff did not file the verified written notice of claim until eight months after it submitted the final request for payment to the Authority. Moreover, even if the notice of claim had been timely filed, the complaint is time-barred (*see,* Public Authorities Law § 1744 [2]). Thus, the Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the notice of claim was not timely filed.

The plaintiff's remaining contention is without merit. Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.