■ KOREN-DiRESTA CONSTRUCTION CO., INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Respondents. [730 NYS2d 242] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated April 27, 2000, as granted those branches of the motion of the defendant New York City School Construction Authority which were to transfer the venue of this action from Nassau County to Queens County, and upon transferring venue, dismissing the complaint insofar as asserted against it for failure to file a notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly changed the venue from Nassau County to Queens County. Contrary to the plaintiff's contention, the SCA is a public benefit corporation known as a public authority (*see, Schulz v State of New York,* 84 NY2d 231, 244; Public Authorities Law § 1727 [1]). Since the SCA's principal office was in Queens County, Queens County was the proper venue for this action (*see,* CPLR 505 [a]).

The Supreme Court properly granted that branch of the motion which was to dismiss the complaint based on the plaintiff's failure to file a notice of claim. Public Authorities Law § 1744 (2) requires, *inter alia,* that a notice of claim be served upon a public authority in any action "relating to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities." Since the plaintiff is seeking the return of securities held under contracts it entered into with the SCA to provide such services, and since it admittedly did not file a notice of claim, it failed to comply with a condition precedent to the commencement of an action against the SCA (*see, Popular Constr. v New York City School Constr. Auth.,* 268 AD2d 467).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.