■ NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant, v KALLEN & LEMELSON, Respondent. [736 NYS2d 259] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated February 1, 2001, which denied its motion to dismiss the first, second, and third counterclaims in the amended answer, and granted the defendant's cross motion to serve a second amended answer.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the first, second, and third counterclaims in the amended answer are dismissed, and the cross motion is denied.

The Supreme Court erred in denying the plaintiff's motion to dismiss the first, second, and third counterclaims in the defendant's amended answer. "While the date upon which a contractor's damages become ascertainable necessarily depends upon the particular facts of each case, it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted" (*G.A. Contrs. v Board of Educ. of City of N.Y.*, 176 AD2d 856, 857; *see, Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283; *Suburban Restoration Co. v Wappingers Cent. School Dist.*, 256 AD2d 572). The defendant's damages became ascertainable once the work at issue was completed, and the defendant failed to file a notice of claim within three months of that date as required by statute (*see*, Public Authorities Law § 1744 [2]). Therefore, the plaintiff's motion should have been granted, and the defendant's cross motion to serve a second amended answer should have been denied (*see, Popular Constr. v New York City School Constr. Auth.*, 268 AD2d 467). Smith, J.P., Krausman, Luciano, Adams and Prudenti, JJ., concur.