5 N.Y.3d 189 (2005)
833 N.E.2d 266
800 N.Y.S.2d 123
C.S.A. CONTRACTING CORP., Appellant,
v.
NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent.
Court of Appeals of the State of New York.
Argued June 8, 2005.
Decided July 6, 2005.
*190 Martin S. Dorfman, Woodbury, for appellant.
Michael A. Cardozo, Corporation Counsel, New York City (Janet L. Zaleon and Kristin M. Helmers of counsel), for respondent.
Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur with Judge GRAFFEO; Judge R.S. SMITH concurs in a separate concurring opinion.

*191 OPINION OF THE COURT
GRAFFEO, J.
The issue here is whether plaintiff C.S.A. Contracting Corp. timely filed a notice of claim pursuant to Public Authorities Law § 1744 (2) in this breach of contract action seeking payment from defendant New York City School Construction Authority for work it performed. Under the facts and circumstances of this case, we conclude that the notice of claim was not timely because it was not submitted within three months of the accrual of the claims.
In 1993, the New York City School Construction Authority (SCA) and plaintiff entered into a contract in which SCA agreed to pay plaintiff $1 million to perform asbestos abatement work at various city schools. The project included asbestos removal at PS 29 in Staten Island. On December 3, 1993, plaintiff submitted a request for payment for extra work performed at PS 29 in the amount of $151,994.96. SCA apparently approved the request in February 1994, but two months later informed plaintiff that it would not remit payment for the PS 29 job because it determined that plaintiff had overcharged for abatement work at another work site  Bushwick High School.
On May 9, 1994, plaintiff purportedly served a notice of claim on SCA seeking monies it contended were owed under its contract. Plaintiff subsequently issued a notice of dispute on June 30, 1994 requesting to mediate its payment claim with SCA. After mediation failed to resolve the conflict, plaintiff submitted a notice of claim dated September 21, 1994. This notice of claim sought the payment of $595,850 for three categories of work performed by plaintiff: asbestos abatement at PS 29, additional costs incurred in the removal of asbestos from heights in excess of 14 feet, and wet cleaning and encapsulation expenses.
Plaintiff commenced this breach of contract action against SCA in April 1995 to recover damages for the claims outlined in its notice of claim, alleging that it had furnished SCA with notice in June 1994 and again in September 1994. In its answer, SCA interposed an affirmative defense that plaintiff had failed to properly serve a notice of claim. SCA also counterclaimed for the alleged overpayment for work performed at Bushwick High School.
*192 At trial, plaintiff was unable to submit documentary evidence corroborating the service of a notice of claim in May 1994. Its former corporate president testified that all work at PS 29 was completed before December 1993. At the close of plaintiff's case, SCA moved to dismiss the complaint for failure to present a timely notice of claim. Supreme Court granted the motion and dismissed the complaint, holding that plaintiff did not submit a notice of claim within three months of the accrual of its claims. The court also severed SCA's counterclaim. The Appellate Division affirmed. We granted plaintiff leave to appeal and now concur that plaintiff's complaint must be dismissed.
Section 1744 (2) of Public Authorities Law provides, in part:
"No action or proceeding for any cause whatever, other than the one for personal injury, death, property damage or tort . . . relating to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities, shall be prosecuted or maintained against [SCA] . . . unless (i) it shall appear by and as an allegation in the complaint or moving papers, that a detailed, written, verified notice of each claim upon which any part of such action or proceeding is founded was presented to the board within three months after the accrual of such claim . . . ."
A timely notice of claim is a condition precedent to maintaining an action against SCA, and the plaintiff has the obligation to plead and prove that its notice of claim was served within three months after the accrual of its claim (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547 [1983]; Rogers v Village of Port Chester, 234 NY 182, 185 [1922]).
It is well settled that a contractor's claim accrues when its damages are ascertainable (see Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. [Wager Constr. Corp.], 37 NY2d 283, 290 [1975]). Although the determination of the date on which damages are ascertainable may vary based on the facts and circumstances of each particular case, "it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted" (New York City School Constr. Auth. v Kallen & Lemelson, 290 AD2d 497 [2d Dept 2002] [internal quotation marks and citations omitted]).
Here, plaintiff completed its work at PS 29 some time before December 1993, and finished its rehabilitation project entirely *193 by the close of 1993. Plaintiff also submitted a detailed invoice for work done at PS 29 on December 3, 1993. Therefore, plaintiff's claims were ascertainable and accrued by the end of 1993.[*] Even assuming plaintiff served a notice of claim in May 1994 or that its June 1994 notice of dispute could be viewed as a proper notice of claim, it failed to present statutorily-mandated notice within three months of the accrual of its claims. Thus, the courts below properly dismissed the complaint.
Plaintiff argues that its claims should be deemed to have accrued, at the earliest, when SCA denied payment in April 1994. In support of this argument, plaintiff notes that the Legislature has adopted this rule in Education Law § 3813 (1), which applies to claims against school districts. In 1992, the Legislature amended Education Law § 3813 (1) to provide: "In the case of an action or special proceeding for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (L 1992, ch 387). Thus, instead of using the date that damages are ascertainable under the Wager analysis, the three-month notice of claim time period is not triggered until the board of education denies payment. Section 1744 (2) of the Public Authorities Law  in existence at the time of the amendment  was not, however, similarly amended, and we decline plaintiff's invitation to engraft such a provision onto that statute. Any such change should come from the Legislature.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
R.S. SMITH, J. (concurring).
I join the Court's opinion, but also write separately to express my views on our decision in Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. (Wager Constr. Corp.) (37 NY2d 283 [1975]).
In Wager, we interpreted Education Law § 3813 (1), which, like Public Authorities Law § 1744 (2), provides that a notice of *194 claim must be presented "within three months after the accrual of such claim." We held in Wager that "accrual" of a "claim" occurs when a contractor's damages are ascertainable, even if no "cause of action" has yet accrued because no one has disputed the amount of the contractor's bill. Wager was based on questionable logic, and has led to unfortunate results.
In support of its distinction between accrual of a claim and accrual of a cause of action, Wager cited three Appellate Division decisions: Shalman v Board of Educ. of Cent. School Dist. No. 1 (31 AD2d 338 [3d Dept 1969]), Waterman v State of New York (19 AD2d 264 [4th Dept 1963], affd without op 14 NY2d 793 [1964], 17 NY2d 613 [1966]), and Terrace Hotel Co. v State of New York (19 AD2d 434 [3d Dept 1963]). In each of these cases, the claim was held to have accrued after the cause of action accrued, and the court relied on the distinction between a claim and a cause of action to hold that the contractor's claim was timely. The gist of the holdings in the three Appellate Division cases is that, when a dispute between the parties has arisen and a cause of action has therefore accrued, the contractor should still not have to submit its claim until it can know what its damages are.
But Wager relied on the distinction between claim and cause of action to reject a contractor's claim  holding that a contractor must submit a notice of claim within 90 days of determining the amount it is owed, even when the obligation to pay that amount has never been disputed. We did not explain in Wager, and so far as I know no one has ever explained, why this result makes sense. It might have been logical to hold that a claim accrues upon the later of the two events  accrual of a cause of action and ascertainment of damages  but we did not discuss that possibility in Wager.
The result of the Wager holding is that contractors sometimes find themselves in the position of plaintiff in this case, whose claim was time-barred before there was any reason to expect litigation. This anomaly has troubled the courts (see e.g., Koren-DiResta Constr. Co. v New York City School Constr. Auth., 293 AD2d 189 [1st Dept 2002]); indeed, both Supreme Court and the Appellate Division in this case expressed distaste for the result they were forced to reach. The Legislature was troubled too, and in 1992 it amended Education Law § 3813 (1) to provide that "accrual" of a claim "shall be deemed to have occurred as of the date payment for the amount claimed was denied" (L 1992, ch 387). The sponsors' memorandum in support of this *195 amendment was highly critical of cases applying the rule of Wager: "The courts' interpretation . . . makes no sense" (Mem in Support, Bill Jacket, L 1992, ch 387). But while Wager, insofar as it applies to Education Law cases, was thus legislatively overruled, the Legislature made no corresponding amendment to Public Authorities Law § 1744 (2), the statute involved in this case.
We hold today that Wager remains the law. It has stood for 30 years, and the Legislature, while overruling it in the Education Law context, has left the corresponding provision of the Public Authorities Law unaltered. There is no obvious reason, however, why the Legislature should not amend the latter statute in the same way it amended the former, and thus put an end to the Wager rule.
Order affirmed, with costs.
NOTES
[*] Plaintiff's former corporate president testified that SCA initially refused to pay any contractor for wet cleaning and encapsulation costs, but that, at some point "[l]ater on," it changed its posture in a letter and allowed such costs. Plaintiff did not place this correspondence in evidence or otherwise offer testimony as to the date of this change in position. Even if, as plaintiff suggests, the date of such change in position constituted the accrual date for this category of work claimed, plaintiff failed to satisfy its burden of establishing that its September 1994 notice of claim  the only notice that mentioned wet cleaning and encapsulation costs  was submitted within three months of the alleged modification by SCA regarding work eligible for payment.