■ D.A.G. FLOORS, INC., Appellant, v ST. PAUL MERCURY INSURANCE Co., Respondent. [827 NYS2d 20]—

Order, Supreme Court, New York County (Richard B. Lowe,

III, J.), entered November 18, 2005, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment or for leave to amend the complaint, unanimously affirmed, with costs.

This action on a bond discharging a public improvement lien was commenced against the wrong surety, and leave to substitute the correct issuer of the bond was properly denied because the proposed amendment was palpably lacking in merit (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]). The action was barred by the inclusive language of the release in a related action (*cf. Maxwell Partners, L.L.C. v Building Studio, LLP*, 32 AD3d 321 [2006]) on the underlying contract debt and payment bond (*see generally Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 96-97 [2006]). Moreover, the underlying lien, which is required for an action on a discharge bond, had been extinguished as a result of plaintiff's failure to commence an action to foreclose, file a notice of pendency or obtain an extension of the lien within the required time period (*see Tri-City Elec. Co. v People*, 96 AD2d 146, 150 [1983], *affd* 63 NY2d 969 [1984]; *Matter of Bat-Jac Contr. v Italia Constr. Co.*, 262 AD2d 314 [1999]). We note that the discharge bond referenced Lien Law § 21 (5) (a) (*see Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225, 230 [1995]) and expressly conditioned the surety's obligation thereunder to a judgment in an action on the lien, rather than on, as relied upon by plaintiff, the underlying contract. We decline to consider plaintiff's contention regarding its proposed Lien Law article 3-A claim, which is improperly raised for the first time at this juncture (*see Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]). Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.