■ CAL-TRAN ASSOCIATES, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [841 NYS2d 445]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered May 22, 2006, which, to the extent appealed from, granted defendant City of New York's motion to dismiss the complaint as against it, unanimously affirmed, without costs.

The court properly dismissed the complaint as against the City. The construction contract entered into between plaintiff and the City unambiguously precluded plaintiff from commencing a plenary action for damages upon a determination by the City that plaintiff had defaulted under the contract. Plaintiff's remedy was to commence a CPLR article 78 proceeding challenging the determination of default, which it failed to do. Plaintiff's termination of the contract prior to the issuance of a formal determination of default by the City did not render the relevant provision of the contract inapplicable since plaintiff had been on notice for several weeks of the City's intent to declare it in default (*see Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47 [1993]; *Excel Group, Inc. v New York City Tr. Auth.*, 28 AD3d 708 [2006]; *Laquila Constr. v New York City Tr. Auth.*, 282 AD2d 331 [2001], *lv denied* 96 NY2d 721 [2001]). The court also properly declined to convert plaintiff's causes of action against the City into an article 78 petition (*see* CPLR 103 [c]). The causes of action are devoid of any discussions regard-

ing the determination of default or the basis upon which the court could have determined whether the City acted in an arbitrary and capricious manner. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.