■ BRI-DEN CONSTRUCTION CO., INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [867 NYS2d 462]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered June 25, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Pursuant to Public Authorities Law § 1744 (2), "[n]o action or proceeding for any cause whatever [excepting certain causes of action sounding in tort, which are governed by Public Authorities Law § 1744 (1)] shall be prosecuted or maintained against the [New York City School Construction Authority] unless . . . it shall appear by and as an allegation in the complaint or moving papers, that a detailed, written verified notice of each claim upon which any part of such action or proceeding is founded was presented to the board within three months after the accrual of such claim." In that regard, "[i]t is well settled that a contractor's claim accrues when its damages are ascertainable" (*C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]). While "the determination of the date on which damages are ascertainable may vary based on the facts and circumstances of each particular case, 'it generally has been recognized that damages are ascertainable

once the work is substantially completed or a detailed invoice of the work performed is submitted' " (*C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d at 192, quoting *New York City School Constr. Auth. v Kallen & Lemelson*, 290 AD2d 497 [2002] [emphasis added]).

Here, the plaintiff did not include, in its notice of claim, its claim to recover amounts retained by the defendant pursuant to the parties' contract to insure the plaintiff's performance, commonly known as retainage. Thus, the plaintiff failed to satisfy the statutory command of Public Authorities Law § 1744 (2) with respect to that claim (*see also* Public Authorities Law § 1744 [3]). Further, the damages that form the basis of the plaintiff's claims for extra work and change-order work were ascertainable, and thus accrued, on September 17, 2003, at the latest, when the plaintiff submitted to the defendant the last of numerous detailed invoices pertaining to that work (*see Almar Constr. Corp. v Hughes & Sons*, 58 AD2d 615, 616 [1977]; *see also Popular Constr. v New York City School Constr. Auth.*, 268 AD2d 467 [2000]). Therefore, the plaintiff's service of a notice of claim pertaining to those claims on January 14, 2004 was untimely (*see* Public Authorities Law § 1744 [2]; *Popular Constr. v New York City School Constr. Auth.*, 268 AD2d at 467; *Almar Constr. Corp. v Hughes & Sons*, 58 AD2d at 616). The plaintiff further contends that a certain schedule of outstanding proposals for payment annexed to a general release allegedly executed by it on or about July 8, 2003 should be deemed a notice of claim since that writing satisfied the substantive notice of claim requirements set forth in Public Authorities Law § 1744 (2), (3). Regardless of whether that is so, the plaintiff failed to demonstrate that the schedule "was presented to the [defendant's] board" as required by Public Authorities Law § 1744 (2) (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 548 [1983]).

In light of our determination, we need not address the parties' remaining contentions. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.