■ D & L Associates, Inc., Appellant, v New York City School Construction Authority, Respondent. [894 NYS2d 14]—

Certificates of substantial completion were executed more than three months prior to plaintiff contractor's filing its notice of claim for three of the four contracts on which it sought to recover. Such certificates fixed the date on which damages were ascertainable, and therefore when plaintiff's claim accrued (*see C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]; *Koren-DiResta Constr. Co. v New York City School Constr. Auth.*, 293 AD2d 189, 191-192 [2002]). Accordingly, since three of plaintiff's contract claims accrued more than three months before the notice of claim is dated, they are barred by the late filing of the notice of claim.

Plaintiff's fourth contract claim is also time-barred as beyond the one-year statute of limitations set forth in Public Authorities Law § 1744 (2). Given that plaintiff's September 2002 notice of claim alleged that defendant breached the contract, it triggered the running of the one-year statute of limitations (*Koren-DiResta Constr. Co.*, 293 AD2d at 192), irrespective of whether or not plaintiff knew the precise amount of damages, or even if no damages occur until later (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]).

We decline to consider plaintiff's arguments relying on Lien Law article 3-A, which are improperly raised for the first time on appeal (*see D.A.G. Floors, Inc. v St. Paul Mercury Ins. Co.*, 35 AD3d 207 [2006]). Were we to consider these arguments, we would find them unavailing. The fact that defendant may have paid plaintiff's subcontractors after the dates of substantial

completion and that plaintiff was acting as a statutory trustee for the benefit of the subcontractors did not create a circumstance that made it impossible to ascertain the magnitude of the claim. The fact remains that damages were ascertainable when the work was substantially complete. Concur—Friedman, J.P., Nardelli, Renwick and Román, JJ.