*413 Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 7, 2011, which granted defendants’ motion to dismiss pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.
We have previously stated — in a case involving the same contract provision as in the instant case — “The construction contract entered into between plaintiff and the City unambiguously precluded plaintiff from commencing a plenary action for damages upon a determination by the City that plaintiff had defaulted under the contract. Plaintiff’s remedy was to commence a CPLR article 78 proceeding challenging the determination of default, which it failed to do” (Cal-Tran Assoc., Inc. v City of New York, 43 AD3d 727, 727 [2007]). We perceive no reason to depart from Cal-Tran (see Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 381 [1986]).
It is true that Cal-Tran did not consider restitution, quantum meruit, unjust enrichment, or fraudulent misrepresentation. Nevertheless, those unpleaded claims are barred by article 49.2, which precludes plaintiff from commencing a plenary action for any damages relating to the contract. In addition, the quasi contract claims for restitution, quantum meruit, and unjust enrichment are barred by the existence of a valid contract between plaintiff and the City, covering the subject matter of their dispute (see e.g. DePinto v Ashley Scott, Inc., 222 AD2d 288, 289 [1995]; Grace Indus., Inc. v New York City Dept. of Transp., 22 AD3d 262, 263 [2005], lv denied 6 NY3d 703 [2006]). Concur— Andrias, J.P, Friedman, Moskowitz, Freedman and ManzanetDaniels, JJ.