■ KAFKA CONSTRUCTION, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [5 NYS3d 167]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered April 30, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On January 15, 2008, the defendant, New York City School Construction Authority (hereinafter the SCA), awarded a contract to the plaintiff, Kafka Construction, Inc. (hereinafter Kafka), to perform certain construction work at Hillcrest High School in Queens County for the sum of $12,463,000. Work commenced on or about February 1, 2008, and a certificate of substantial completion was issued on September 23, 2009.

In early 2011, the SCA purportedly requested that Kafka provide an estimate of the value of the work that was not actually performed, such that a credit could be issued against the contract amount. In response, on February 4, 2011, Kafka issued a change order proposal, which set forth a proposed credit amount in the sum of $192,608.18 to be deducted from the price of the work performed. However, by email dated September 14, 2011, the SCA informed Kafka that it calculated the credit for the work not performed at $814,535. On or about September 29, 2011, Kafka served upon the SCA a notice of claim asserting that the SCA owed it $621,926.82, i.e., the difference between the parties' proposed credit amounts.

On or about August 30, 2012, after the parties engaged in unsuccessful negotiations regarding the credit, the SCA issued a unilateral change order, claiming that it was entitled to a credit in the sum of $611,090. Rather than executing the change order, Kafka chose to commence the instant action on August 31, 2012.

The SCA subsequently moved pursuant to CPLR 3211 (a) to dismiss the complaint on the ground, inter alia, that the service of the notice of claim was untimely under Public Authorities Law § 1744 (2), since the claim accrued no later than February 4, 2011. In an order dated April 29, 2013, the Supreme Court granted the SCA's motion to dismiss the complaint. Kafka appeals, and we affirm.

The Supreme Court properly granted the SCA's motion to dismiss the complaint for Kafka's failure to timely serve a notice of claim upon it. Pursuant to Public Authorities Law § 1744

(2), "[n]o action or proceeding for any cause . . . relating to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities, shall be prosecuted or maintained against the [SCA] unless . . . it shall appear by and as an allegation in the complaint or moving papers, that a detailed, written, verified notice of each claim upon which any part of such action or proceeding is founded was presented to the board [of the SCA] within three months after the accrual of such claim." The version of Public Authorities Law § 1744 (2) that was in effect at the time this contract was executed, and which applies to this litigation, did not indicate when a claim for monies due under the contract accrued. However, applicable case law held that a contractor's claim accrued when its damages became ascertainable (*see C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]; *Bri-Den Constr. Co., Inc. v New York City School Constr. Auth.*, 55 AD3d 649 [2008]). While "the determination of the date on which damages are ascertainable may vary based on the facts and circumstances of each particular case, 'it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted' " (*C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d at 192, quoting *New York City School Constr. Auth. v Kallen & Lemelson*, 290 AD2d 497, 497 [2002]).

Here, the certificate of substantial completion was executed by Kafka on September 23, 2009, and the change order proposal was issued by Kafka on February 4, 2011. Accordingly, applying the relevant legal principles to the present matter, the Supreme Court correctly determined that Kafka's claim accrued, at the latest, on February 4, 2011, when Kafka issued the change order proposal reciting how much it believed should be deducted from the total contract price as a credit to the SCA. At that point, the full amount of Kafka's claim for the contract value of the work it had performed was ascertainable. Contrary to Kafka's contention, its claim did not accrue as of the date that the SCA indicated its refusal to pay part of Kafka's claim by disputing the amount of the credit. Although Public Authorities Law § 1744 (2) has been amended to provide that "accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied," the statutory amendment applies only to contracts executed on or after its effective date, December 17, 2014 (*see* L 2014, ch 519, § 2). Therefore, the notice of claim, which was served on or about September 29, 2011, was untimely, and the Supreme Court properly directed the dismissal of the complaint (*see*

*Popular Constr. v New York City School Constr. Auth.*, 268 AD2d 467 [2000]).

In view of the foregoing, we do not reach the parties' remaining contentions. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.