In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered February 23, 2015, as granted that branch of the defendant’s motion pursuant to CPLR 3211 (a) which was to dismiss so much of the first cause of action as sought to recover damages for extra work in the sum of $108,377.27 and for delay costs in the sum of $1,931,643.77 on the ground that the plaintiff failed to serve a timely notice of claim.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was to dismiss so much of the first cause of action as sought to recover damages for extra work in the sum of $108,377.27 and for delay costs in the sum of $1,931,643.77 is denied.
 

 The plaintiff entered into a design-build contract with the defendant in February 2001 to construct a school in Queens for a base price of $32,750,000. Over the course of construction, the defendant instructed the plaintiff to complete extra work, resulting in additional costs. The plaintiff, in turn, submitted Proposed Change Orders (hereinafter PCOs) to increase the contract price by specified amounts in order to recoup those increased costs. The plaintiff submitted the PCOs at issue between October 18, 2001, and August 14, 2003. The defendant agreed to some, but not all, of those proposed increases. The plaintiff thereafter executed a certificate of substantial completion on September 6, 2003, and served a notice of claim on November 21, 2003, which itemized the claims for extra work and/or delays in an schedule attached thereto.
 

 Between August 2004 and August 2011, the parties entered into a series of agreements extending the “time for [the plaintiff] to commence legal proceedings and/or serve notices of claim against the [defendant].” The last agreement in this series specified that, <£[o]ther than the extension of time to commence an action and/or serve notices of claim and the raising of any notice of claim defenses, the parties hereto do not waive any rights or remedies that they may have under applicable laws.” Critically, the agreement makes no distinction between claims that were already untimely when the notice of claim was served on November 21, 2003, and claims that were not.
 

 The plaintiff commenced this action by summons with notice dated August 30, 2012. The plaintiffs complaint, dated March 5, 2014, asserted causes of action to recover damages for breach of contract and in quantum meruit, and sought damages in the sum of $4,838,245.57, allegedly representing the unpaid portion of the contract price plus all of its unresolved PCOs. The defendant moved pursuant to CPLR 3211 (a) to dismiss specific portions of the complaint which sought to recover damages for extra work and delay costs, arguing, among other things, that certain of the plaintiffs claims were untimely because they accrued when the plaintiff submitted the disputed PCOs, all of which preceded the notice of claim by more than three months. The plaintiff opposed this branch of the motion, arguing that its claims were timely because they accrued on the date of substantial completion. The Supreme Court granted the defendant’s motion in its entirety. The plaintiff appeals from so much of the order as granted that branch of the defendant’s motion which was to dismiss so much of the first cause of action as sought to recover damages for extra work in the sum of $108,377.27 and for delay costs in the sum of $1,931,643.77. We reverse the order insofar as appealed from.
 

 “On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1040-1041 [2016]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Sasidharan v Piverger, 145 AD3d 814, 815 [2016]). “Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate” (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832 [2014]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Thomas v LaSalle Bank N.A., 79 AD3d 1015, 1017 [2010]). Additionally, in considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), “the documentary evidence must utterly refute the plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Gould, v Decolator, 121 AD3d 845, 847 [2014]; see Leon v Martinez, 84 NY2d at 88; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d at 1041; Lucia v Goldman, 68 AD3d 1064, 1065 [2009]).
 

 Under Public Authorities Law § 1744, “[n]o action or proceeding for any cause . . . relating to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities, shall be prosecuted or maintained against the [defendant] unless ... it shall appear by and as an allegation in the complaint or moving papers, that a detailed, written, verified notice of each claim upon which any part of such action or proceeding is founded was presented to the board [of the defendant] within three months after the accrual of such claim” (Public Authorities Law § 1744 [2]). “The version of Public Authorities Law § 1744 (2) that was in effect at the time this contract was executed, and which applies to this litigation, did not indicate when a claim for monies due under the contract accrued. However, applicable case law held that a contractor’s claim accrued when its damages became ascertainable” (Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 AD3d 933, 935 [2015]; see C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189, 192 [2005]; Bri-Den Constr. Co., Inc. v New York City School Constr. Auth., 55 AD3d 649, 649-650 [2008]). “While ‘the determination of the date on which damages are ascertainable may vary based on the facts and circumstances of each particular case, it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted’ ” (Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 AD3d at 935 [internal quotation marks omitted], quoting C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d at 192).
 

 Contrary to the plaintiff’s contention, its claims accrued when it submitted each PCO detailing how much it believed the defendant should increase the contract price, why it believed such an increase was warranted, and how it arrived at the amount it requested (see Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 AD3d at 935). That the plaintiff could not know whether the defendant would reject its proposals and had not yet substantially completed the work did not obviate its statutory obligation to serve a notice of claim within three months of the date it actually ascertained its damages (see C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d at 192; Koren-DiResta Constr. Co. v New York City School Constr. Auth., 293 AD2d 189, 192-196 [2002]).
 

 Nevertheless, the Supreme Court improperly granted that branch of the defendant’s motion which was to dismiss for untimeliness. “The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties’ intent [and] [t]he best evidence of what parties to a written agreement intend is what they say in their writing” (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [citations and internal quotation marks omitted]). “Whether or not a writing is ambiguous is a question of law to be resolved by the courts” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see Dobbs v North Shore Hematology-Oncology Assoc., P.C., 106 AD3d 771, 772 [2013]). Ambiguity exists when, looking within the four corners of the document, terms are reasonably susceptible of more than one interpretation (see Greenfield v Philles Records, 98 NY2d at 569-570; Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]; Bana Elec. Corp. v Bethpage Union Free School Dist., 76 AD3d 987, 988 [2010]).
 

 Here, the parties agreed to extend the plaintiff’s time to serve notices of claim and commence an action without distinguishing between timely and untimely claims. Absent a “strong countervailing public policy” (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]), “ ‘[p]arties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights’ ” (Koren-DiResta Constr. Co. v New York City School Constr. Auth., 293 AD2d at 195, quoting Matter of New York, Lackawanna & W. R.R. Co., 98 NY 447, 453 [1885]). The parties’ extension agreement was subject to more than one reasonable interpretation, as they may have intended it to apply to the plaintiff’s untimely claims as well as its timely claims. In light of this ambiguity, dismissal of the plaintiff’s untimely claims pursuant to CPLR 3211 was improper (see Telerep, LLC v U.S. Intl. Media, LLC, 74 AD3d 401, 402-403 [2010]; Town of Riverhead v Silverman, 54 AD3d 1025, 1026 [2008]; R.I. Is. House, LLC v North Town Phase II Houses, Inc., 51 AD3d 890, 894-895 [2008]).
 

 Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.