Universal Constr. Resources, Inc. v New York City Hous. Auth. (2019 NY Slip Op 07853)





Universal Constr. Resources, Inc. v New York City Hous. Auth.


2019 NY Slip Op 07853


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10247 652432/17

[*1] Universal Construction Resources, Inc., Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Kelly D. MacNeal, New York (Gil Nahmias of counsel), for appellant.
Sullivan PC, New York (Peter R. Sullivan of counsel), for respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered November 7, 2018, which, to the extent appealed from denied defendant's motion to dismiss the first, second, and third causes of action, unanimously reversed, on the law, without costs, and motion granted. The Clerk is directed to enter judgment accordingly.
Three of the purported notices of claim were not facially compliant with Section 23 of the contract. Neither the July 19, 2015 letter nor the April 11, 2016 letter was designated a notice of claim, a defect this Court has found to warrant the dismissal of a contractor's action against the Housing Authority (see Matter of Intercontinental Constr. Contr., Inc. v New York City Hous. Auth., 173 AD3d 453, 454 [1st Dept 2019]). The failure to state the "nature and amount of the extra costs or damages" sought in the July 19, 2015, February 12, 2016, and April 11, 2016 letters also required dismissal (see Hi-Tech Constr. & Mgt. Servs. Inc. v Housing Auth. of the City of N.Y., 125 AD3d 542, 542 [1st Dept 2015], lv denied 26 NY3d 908 [2015]), since Section 23 makes notice an express condition precedent to suit or recovery (see Schindler El. Corp. v Tully Constr. Co., Inc., 139 AD3d 930, 931 [1st Dept 2016]).
The March 1, 2017 notice of claim was untimely, as the project was substantially completed on March 23, 2016, and the certificate of final acceptance was dated May 9, 2016. Therefore, plaintiff's claims or damages could have been ascertained well before the March 1, 2017 notice of claim was sent (see C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189, 192 [2005]; D & L Assoc., Inc. v New York City School Constr. Auth., 69 AD3d 435, 435 [1st Dept 2010]).
Additional discovery is not necessary, as plaintiff was required to maintain weekly payroll records, rented or acquired materials and equipment before it began work, and based its subcontractor costs on pre-negotiated rates. Based on this data, plaintiff could have, by March 23, 2016 when the work was substantially complete, or upon final acceptance of the work on May 9, 2016, calculated costs and damages (see D & L Assoc., Inc., 69 AD3d at 435). Plaintiff [*2]has made no showing how defendant's alleged misconduct impaired its ability to fulfill Section 23 of the contract (A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 33-34 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK