Ahmad v New York City Dept. of Educ. (2019 NY Slip Op 08387)





Ahmad v New York City Dept. of Educ.


2019 NY Slip Op 08387


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-10129
2016-12827
 (Index Nos. 10177/15, 707089/16)

[*1]Iftikar Ahmad, appellant, 
v
New York City Department of Education, et al., respondents. (Matter No. 1.)
In the Matter of Iftikar Ahmad, appellant,City of New York, et al., respondents. (Matter No. 2)


Omrani & Taub, New York, NY (James L. Forde of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Mathew Ross, Lauren M. Zink, and I. Elie Herman of counsel), for respondents.
In an action to recover damages for personal injuries, and a related proceeding pursuant to General Municipal Law § 50-e(5), the plaintiff/petitioner appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated August 30, 2016, and (2) an order of the same court dated October 18, 2016. The order dated August 30, 2016, granted that branch of the motion of the defendants in the action and the respondents in the proceeding which was pursuant to CLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action on the ground that the plaintiff/petitioner failed to serve a timely notice of claim. The order dated October 18, 2016, denied the plaintiff/petitioner's motion, in effect, for leave to reargue the court's prior determination not to sign an order to show cause seeking to renew his petition for leave to serve a late notice of claim.



DECISION & ORDER
Cross motion by the defendants/respondents to dismiss the appeal from the order dated October 18, 2016, on the ground that no appeal lies from an order denying a motion for leave to reargue. By decision and order on motion of this Court dated September 12, 2017, the cross motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the cross motion is granted; and it is further,
ORDERED that the appeal from the order dated October 18, 2016, is dismissed, as no appeal lies from an order denying reargument (see Jannetti v Whelan, 165 AD3d 1082, 1084); and it is further,
ORDERED that the order dated August 30, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants/respondents.
According to the plaintiff/petitioner (hereinafter the plaintiff), he was an employee of Kel Tech Construction in 2015 and was working on elevated pipe scaffolding in a New York City school gymnasium when one of the scaffolding planks broke and he fell down to the floor and onto his lower back, sustaining injuries to his back and upper and lower extremities. His employer prepared an accident report dated May 13, 2015. On August 25, 2015, the plaintiff filed a petition seeking leave to serve a late notice of claim on the City of New York, the New York City Department of Education (hereinafter the DOE), and the New York School Construction Authority (hereinafter the Construction Authority). By order dated November 10, 2015, the Supreme Court denied the plaintiff's petition for leave to serve a late notice of claim, and a judgment dismissing the petition was entered on April 4, 2016. The plaintiff did not appeal from that judgment.
Thereafter, the plaintiff moved by order to show cause for leave to renew his petition for leave to serve a late notice of claim. On or about June 16, 2016, the plaintiff commenced this action against the City, the DOE, and the Construction Authority. The defendants moved pursuant to CLR 3211(a)(7) to dismiss the complaint, inter alia, on the ground that the notice of claim was not timely pursuant to General Municipal Law § 50-e(5). The plaintiff opposed the defendants' motion to dismiss, arguing, inter alia, that his pending order to show cause for leave to renew his petition for leave to serve a late notice of claim and any subsequent appeals arising therefrom warranted a stay of the action. On June 28, 2016, the Supreme Court declined to sign the order to show cause, finding that the plaintiff failed to demonstrate a basis to renew or reargue the petition. He subsequently moved for leave to "vacate/reargue" the court's refusal to sign his order to show cause. By order dated August 30, 2016, the Supreme Court granted that branch of the defendants' motion which was pursuant to CLR 3211(a)(7) to dismiss the complaint. By order dated October 18, 2016, the court, characterizing the plaintiff's motion for leave to "vacate/reargue" as one for leave to reargue the court's prior determination refusing to sign the order to show cause, denied the motion. The plaintiff appeals.
"In general, [t]he service of a notice of claim is a condition precedent to the maintenance of an action against a public corporation to recover damages for a tortious or wrongful act'" (Matter of Fotopoulos v Board of Fire Commrs. of the Hicksville Fire Dist., 161 AD3d 733, 734, quoting Matter of Rattner v Planning Commn. of Vil. of Pleasantville, 156 AD2d 521, 525; see General Municipal Law § 50-e). It is undisputed that the plaintiff failed to timely serve a notice of claim and that the plaintiff did not succeed in obtaining leave to serve a late notice of claim. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was pursuant to CLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action (see Kafka Constr., Inc. v New York City Sch. Constr. Auth., 125 AD3d 933, 934-935).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court