Colonial Sur. Co. v New York City Hous. Auth. (2020 NY Slip Op 02543)





Colonial Sur. Co. v New York City Hous. Auth.


2020 NY Slip Op 02543


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11430 656347/16

[*1]Colonial Surety Company, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Adam R. Schwartz of counsel), for appellant.
Kelly D. MacNeal, New York (Gil Nahmias of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 27, 2018, which granted defendant New York City Housing Authority's (NYCHA's) CPLR 3211(a)(1) motion to dismiss the complaint, unanimously affirmed, without costs.
In support of its motion, NYCHA submitted documentary evidence showing that plaintiff Colonial Surety Company failed to timely notify NYCHA of its equitable adjustment claim. Section 23 of the construction contract between plaintiff's obligee (non-party Pioneer General Construction Company, LLC) and NYCHA required that plaintiff, as Pioneer's surety, file a notice of claim within 20 days after its accrual. Here, plaintiff's claim accrued on September 3, 2013, when NYCHA notified plaintiff that it intended to substantially reduce Pioneer's scope of work under the contract, and reduced the contract price by $2,053,800. Plaintiff's damages were ascertainable as of that point (see C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189, 192 [1st Dept 2005]). We note that plaintiff's notice of claim would still have been untimely even if accrual was calculated from July 2015, when it substantially performed on the contract, or January 7, 2016, the date of submission of the final payment requisition to NYCHA, reflecting the reduction in the contract price (id.; see also D & L Assoc., Inc., v New York City School Constr. Auth., 69 AD3d 435, 436 [1st Dept 2010]). Plaintiff did not file a notice of claim until March of 2016, years after NYCHA reduced the contract's scope of work and months after its final payment requisition.
NYCHA's submissions also establish that plaintiff's plenary action is barred by Section 20 of the construction contract, which precludes contractors from commencing such an action for damages upon a determination by the City that the contractor had defaulted under the contract (see Cal-Tran Assoc., Inc. v City of New York, 43 AD3d 727 [1st Dept 2007]; see also Sound Beyond Elec. Corp. v City of New York, 100 AD3d 412, 413 [1st Dept 2012]). Plaintiff's remedy under the contract was to commence an Article 78 proceeding challenging the default [*2]determination before bringing its claim for equitable adjustment.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK