Arnell Constr. Corp. v New York City Sch. Constr. Auth. (2020 NY Slip Op 04445)





Arnell Constr. Corp. v New York City Sch. Constr. Auth.


2020 NY Slip Op 04445


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-11934
 (Index No. 717514/17)

[*1]Arnell Construction Corporation, respondent,
v
New York City School Construction Authority, appellant.


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Janet L. Zaleon of counsel), for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (David A. Loglisci and Joseph P. Asselta of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 14, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the second cause of action and portions of the first cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss so much of the first cause of action as was predicated on extra work claims totaling $129,338.27, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff was the successful bidder on a project to perform renovation work for the defendant in an existing building and to construct a new building at a school site. The plaintiff commenced this action to recover damages for breach of contract. The first cause of action sought payment for, inter alia, extra work that the plaintiff allegedly performed, and the second cause of action sought delay damages. The defendant moved pursuant to CPLR 3211(a) to dismiss portions of the first cause of action and the entire second cause of action. In an order entered August 14, 2018, the Supreme Court denied the motion. The defendant appeals.
A party is entitled to dismissal pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence "only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 924-925). "A motion pursuant to CPLR 3211(a)(5) to dismiss a complaint on the ground of payment may be granted where the documentary evidence establishes the defense of payment as a matter of law" (Parkoff v Stavsky, 109 AD3d 646, 647).
We agree with the Supreme Court's determination denying that branch of the [*2]defendant's motion which was to dismiss so much of the first cause of action as was predicated on extra work claims totaling $521,480.16 on the ground that those claims were paid. The evidence submitted by the defendant in support of this branch of its motion did not conclusively prove that it paid the plaintiff (see id. at 647). Additionally, the defendant was not entitled to dismissal of these claims based on a release found in the change orders associated with these claims. The language of the release affects the plaintiff's right to litigate the amount of money or extension of time associated with a change order, not the plaintiff's right to enforce the defendant's obligation to pay the amount of money or grant the extension of time found in each change order.
We also agree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the second cause of action on the ground that the plaintiff failed to provide timely notice of the condition causing a delay as is required in the contract between the parties, because "[t]he plain terms of the subject clause of the parties' contract provide that the consequence of such a failure is denial of a request for a schedule change" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595, 597). Furthermore, the affidavit submitted by the defendant in support of that branch of its motion is not documentary evidence within the meaning of CPLR 3211(a)(1) (see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997).
We disagree, however, with the Supreme Court's denial of that branch of the defendant's motion which was to dismiss so much of the first cause of action as was predicated on extra work claims totaling $129,338.27 on the ground that the plaintiff failed to file timely notices of claim. Public Authorities Law § 1744(2) requires the plaintiff to serve a notice of claim upon the defendant within three months after the accrual of such claim. Under the version of this statute that was in effect over the course of this contract, a claim accrued when it was ascertainable (see C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189; AMCC Corp. v New York City Sch. Contr. Auth., 154 AD3d 673, 675; Kafka Constr., Inc. v New York City Sch. Constr. Auth.,125 AD3d 933). "Although the determination of the date on which damages are ascertainable may vary based on the facts and circumstances of each particular case, it generally has been recognized that damages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted'" (C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d at 192, quoting New York City School Constr. Auth. v Kallen & Lemelson, 290 AD2d 497, 497).
Here, the defendant submitted evidence, in the form of detailed invoices from the plaintiff, that damages were ascertainable for change orders 28, 35, and 61 on March 8, 2016, February 2, 2016, and February 2, 2016, respectively. The plaintiff's March 2017 notice of claim was, accordingly, untimely under Public Authorities Law § 1744(2) with respect to these claims (see AMCC Corp. v New York City Sch. Contr. Auth., 154 AD3d at 675; Kafka Constr., Inc. v New York City Sch. Constr. Auth.,125 AD3d 933).
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was to dismiss so much of the second cause of action as was predicated on delay damages totaling $3,371,955.85 on the ground that the plaintiff failed to file a timely notice of claim. The evidence relied on by the defendant in support of this branch of its motion did not conclusively prove that the plaintiff's claims for delay damages accrued more than three months prior to the plaintiff filing a notice of claim (see CPLR 3211[a][1]; Public Authorities Law § 1744[2]).
The defendant's remaining contention, raised for the first time on appeal, is not properly before us (see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692).
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court