■ STEPHEN HALL, Respondent, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [768 NYS2d 2]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered February 21, 2003, which denied the motion of defendant-appellant New York City School Construction Authority to dismiss the complaint and granted plaintiff's cross motion for leave to file a late notice of claim nunc pro tunc, unanimously reversed, on the law, without costs, defendant's motion granted, and plaintiff's cross motion denied. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

In this personal injury action against New York City, the New York City Board of Education, and the New York City School Construction Authority (SCA), SCA appeals from an order of the Supreme Court, Bronx County, denying its motion to dismiss the complaint and granting plaintiff's cross motion for leave to file a late notice of claim nunc pro tunc.

SCA is a public benefit corporation created under the Public Authorities Law. Section 1744 (1) of the Public Authorities Law establishes a one-year statute of limitations for tort actions against SCA, and provides that no action against the Authority may be maintained unless a notice of claim was "made and served upon the authority, within the time limit prescribed by and in compliance with section fifty-e of the general municipal law." General Municipal Law § 50-e (1) requires that a notice of claim in an action against a public corporation be served within 90 days after the claim arises. While General Municipal Law § 50-e (5) vests courts with discretion to permit late filing of a notice of claim, "[t]he extension shall not exceed the time limited for the commencement of an action . . . against the public corporation."

Plaintiff's cause of action accrued on October 9, 2001. Although plaintiff served New York City and the New York City Board of Education with a notice of claim within the requisite 90 days, he did not serve a notice of claim on SCA until January 28, 2002, 21 days past the 90-day limit, and he did so without seeking court approval for the late service. The statute of limitations for plaintiff's claim expired on October 8, 2002. Not until January 6, 2003—nearly 15 months after his cause of action accrued and three months after the statute of limitations

expired—did plaintiff file an application to have his previously served notice of claim deemed timely served nunc pro tunc. Supreme Court granted plaintiff's application and denied SCA's motion to dismiss the complaint.

In *Pierson v City of New York* (56 NY2d 950, 954 [1982]), the Court of Appeals held that, although General Municipal Law § 50-e (5) permits a court to grant an application to extend the time in which to serve a notice of claim, it may not entertain such a request filed after the applicable statute of limitations had expired. Plaintiff contends that his application to have his previously served notice of claim deemed timely nunc pro tunc is qualitatively different from a request to serve a late notice of claim, as was in issue in *Pierson*, because, in the former case, a notice of claim was served, even if beyond the 90-day limit, while the latter presupposes that a notice was never served. Plaintiff's contention is unavailing. In *Armstrong v New York Convention Ctr. Operating Corp.* (203 AD2d 170 [1994]), a case virtually indistinguishable from the present one, this Court upheld the denial of plaintiff's application "for leave to serve a late notice of claim nunc pro tunc," made after the statute of limitations had expired. We specifically held that "[t]he court lacked the discretion to excuse plaintiffs' late service of their notice of claim since their motion for such relief was not made until after the . . . Statute of Limitations had run, and it makes no difference that plaintiffs, without court leave, had served the notice of claim within the limitations period" (*id.* at 170-171; *see also Davis v City of New York*, 250 AD2d 368 [1998]).

The cases cited by plaintiff are inapposite, as they do not deal with applications made after the statute of limitations had expired (*see e.g. Gherardi v City of New York*, 294 AD2d 101 [2002]; *Johnson v New York City Tr. Auth.*, 278 AD2d 83 [2000]; *Horowitz v New York City School Constr. Auth.*, 168 Misc 2d 598 [1996]).

The fact that SCA engaged in pretrial discovery does not constitute a waiver of the requirements regarding the time and manner of service of the notice of claim, nor does it preclude SCA from raising the untimeliness of the notice of claim after the statute of limitations had expired (*Lavalliere v Department of Correction*, 304 AD2d 370 [2003]). Moreover, in this case, plaintiff's assertion that SCA should be estopped from claiming the defense of an untimely notice of claim because it allegedly "shielded itself from the public making identification impossible" (*see Horowitz v New York City School Constr. Auth.*, 168 Misc 2d 598 [1996]) is unavailing, since plaintiff concededly was notified by New York City in January 2002 that SCA was a potential party responsible for plaintiff's loss.

Because the court lacked discretion to grant plaintiff's application to deem the service of his notice of claim to be timely, the order of Supreme Court is reversed; SCA's motion to dismiss the complaint as to it is granted; and plaintiff's cross motion is denied. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.