SECOND DEPARTMENT, SEPTEMBER, 2004

(September 7, 2004)

■ C.S.A. CONTRACTING CORP., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [781 NYS2d 659]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judg-

ment of the Supreme Court, Queens County (Kitzes, J.), dated March 25, 2003, as, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the plaintiff failed to prove that it had filed a timely notice of claim, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff performed asbestos abatement work in a number of New York City public school buildings pursuant to a contract with the defendant, New York City School Construction Authority (hereinafter the NYCSCA). At issue herein is the plaintiff's right to recover sums allegedly due for certain extra work performed in P.S. 29.

The NYCSCA is a public benefit corporation (see Hall v City of New York, 1 AD3d 254, 255 [2003]). Actions against the NYCSCA are governed by Public Authorities Law § 1744 (2), which requires that a plaintiff plead and prove the filing of a notice of claim within three months of accrual of its claim (see Popular Constr. v New York City School Constr. Auth., 268 AD2d 467 [2000]). The verified complaint alleged that the plaintiff filed notices of claim dated June 30, 1994, and September 16, 1994.

Accrual, in a breach of a construction contract claim, occurs when a contractor's damages are ascertainable (see G.A. Contrs. v Board of Educ. of City of N.Y., 176 AD2d 856, 857 [1991]). "[D]amages are ascertainable once the work is substantially completed or a detailed invoice of the work performed is submitted" (New York City School Constr. Auth. v Kallen & Lemelson, 290 AD2d 497 [2002], quoting G.A. Contrs. v Board of Educ. of City of N.Y., supra; see Popular Constr. v New York City School Constr. Auth., supra). The evidence adduced at trial established that the plaintiff's work on the relevant asbestos abatement job was completed before December 1993. The plaintiff offered no documentary evidence to corroborate its assertion that it filed a notice of claim for additional payment on or about May 9, 1994, but even if it had, this filing would have been untimely. The Supreme Court thus properly dismissed the complaint.

The plaintiffs' remaining contentions are without merit.

We note that the plaintiff herein had three months to file a notice of claim as measured from the date its damages were ascertainable in December 1993 at the latest, but it was allegedly not until April 1994 that the plaintiff learned that its relevant request for payment was being denied because of alleged overcharges at another school. Thus, the plaintiff's claims were

barred before it even knew that litigation might ensue, but litigation was by then already foreclosed. In a manner akin to CPLR 214-c, the toxic tort statute of limitations, we deem it appropriate to ask that the Legislature attempt to create a discovery accrual rule, so that genuinely aggrieved contractors are not foreclosed from obtaining judicial review of their contract claims before they are even aware of the need for judicial review. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.