*425 OPINION OF THE COURT
Emily Jane Goodman, J.
Defendant moves to dismiss the complaint (1) on the ground that the causes of action are time-barred, (2) for failure to state a cause of action for unjust enrichment, and (3) due to lack of standing. This motion is granted as to dismissal of the unjust enrichment claim and is otherwise denied.
Background
Defendant is a public benefit corporation charged with building and maintaining public schools in New York City (complaint 1i 2). In 2005, plaintiff[1] and defendant entered into a contract for consulting services (the consulting contract) where plaintiff agreed to provide consulting services as a “Real Estate Advisor/Tenant Representative to assist in the site identification process and the negotiation of new leases and lease renewals and other consulting and brokerage services” (opp mem of law at 2). The consulting contract, section 7.2, provided that payment of plaintiff’s commission “shall be due and payable in full upon the closing or transfer of title to the property.” On or about April 15, 2009, defendant agreed to purchase, and the seller agreed to sell, the site at issue (the site) for $16,250,000 (opp mem of law at 3). On or about April 30, 2009, defendant purchased the site for a sale price of $16,250,000, but did not notify plaintiff of the closing (id.). On or about May 19, 2009, plaintiff states it discovered that defendant acquired the site (id.). On May 21, 2009, plaintiff informed defendant by letter that, pursuant to the terms of the contract, plaintiff was entitled to a commission of 3% of the total acquisition price in connection with defendant’s acquisition of the site (id. at 4). No commission has been paid to plaintiff.
Although plaintiff maintains that it has no obligation to file a notice of claim, on or about August 14, 2009, plaintiff filed a notice of claim pursuant to article XVII of the contract and pursuant to Public Authorities Law § 1744, “in the interests of caution” (id.). On April 15, 2010, plaintiff commenced the instant action for damages, in an amount not less than $487,500, arising out of (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing and (3) unjust enrichment.
*426 Arguments
Citing construction case law to establish the date of sale as the accrual date, defendant maintains the breach of contract cause of action is time-barred because plaintiff did not file a notice of claim within three months of the sale of the property at issue (Stoller aff IT 11). Defendant asserts “it is the date upon which the dollar figure at stake can be known, even if no breach has yet occurred” (reply mem of law at 5). Defendant further argues that plaintiff lacks standing to assert claims under the consulting contract because defendant did not consent in writing to the assignment of the contract (Stoller aff lili 5, 14) and that plaintiff cannot plead a claim for unjust enrichment, in the alternative, because it is duplicative of the breach of contract claim (id. U 15).
Plaintiff counters by arguing that the causes of action in the complaint are not time-barred, because they are not subject to the notice of claim requirement, and that even if a notice of claim was required, plaintiff timely filed it within three months of the time that it learned of the closing (opp mem of law at 1). To hold otherwise would allow defendant “to avoid payment on its contracts by withholding facts from its business partners while the clock ticks away on the ninety day period” (id. at 7). Alternatively, plaintiff argues the notice of claim is timely because its claim accrued when it sent an invoice on May 21, 2009 and, therefore, the notice of claim was timely served within 90 days of the time when plaintiff demanded payment for its services, because damages are ascertainable only upon a refusal to pay (id. at 5).
Plaintiff further argues that it has standing to pursue the claims in the complaint because the Staubach Company of New York LLC simply changed its name to Jones Lang LaSalle and, therefore, did not assign any benefit under the contract (id. at 2). Finally, plaintiff argues that it is permitted to plead a cause of action for unjust enrichment because defendant does not acknowledge the existence of a contract and because alternative pleading at this early stage is permitted (id. at 2).
Discussion
Plaintiffs claim for unjust enrichment is dismissed because it is duplicative of plaintiffs claim for breach of contract. Although plaintiff maintains “the SCA itself disputes the existence of an enforceable agreement,” in the reply, plaintiff states, categori *427 cally, that “the SCA does not dispute the existence of a contract”[2] (reply mem of law at 8 [emphasis added]). However, defendant’s argument that plaintiff lacks standing to assert claims under the contract, because defendant did not consent in writing to assign the contract to plaintiff, is without merit. Although section 10.1 of the contract prohibits “assignments,” defendant has not demonstrated that an assignment occurred. Plaintiff states it simply changed its name and the court takes judicial notice that the Secretary of State Web site reflects the name change. Therefore, plaintiff has standing to assert its claim.
The issue, however, of whether this claim is time-barred, and specifically the appropriate accrual date, is more difficult, and appears to be one of first impression. Actions against the New York City School Construction Authority are governed by section 1744 (2) of the Public Authorities Law, which requires a plaintiff to plead and prove the filing of a notice of claim within three months of accrual of its claim. The statute provides, in relevant part:
“No action or proceeding for any cause whatever, other than the one for personal injury, death, property damage or tort . . . relating to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities, shall be prosecuted or maintained against [SCA] . . . unless (i) it shall appear by and as an allegation in the complaint or moving papers, that a detailed, written, verified notice of each claim upon which any part of such action or proceeding is founded was presented to the board within three months after the accrual of such claim.” (Public Authorities Law § 1744 [2] [emphasis added].)[3]
*428 The cases cited by defendant are inapposite, as they are based on breach of construction contract claims (see D & L Assoc., Inc. v New York City School Constr. Auth., 69 AD3d 435 [1st Dept 2010]; C.S.A. Contr. Corp. v New York City School Constr. Auth., 10 AD3d 589 [2d Dept 2004]; Bri-Den Constr. Co., Inc. v New York City School Constr. Auth., 55 AD3d 649 [2d Dept 2008]). In that regard, it is well settled that a contractor’s claim accrues when its damages are ascertainable, that is, once the work is substantially completed or a detailed invoice of the work performed is submitted. However, this case is not based on a construction contract, but rather, a consulting contract. Unlike a contractor, plaintiff was not regularly on the job site. There is no evidence that defendant ever notified plaintiff of the closing and plaintiff had no reason to know of that date, which was within defendant’s control. If anything, the construction cases cited by defendant support plaintiffs argument that the claim accrued on the date that the plaintiff submitted its invoice to defendant (opp mem of law at 7).[4]
The case of Elia v Highland Cent. School Dist. (78 AD3d 1265 [3d Dept 2010]), not cited by either party, is instructive. There, two individuals timely filed an action under Education Law § 3813 (2-b), which requires that the action must be commenced “within one year of the time that the cause of action accrued” where they filed within one year of receipt of a letter notifying them of changes to their benefits, even though they did not file the action within one year from the time the benefits were actually changed by Board of Education Resolution (78 AD3d at 1267). Although the Board of Education argued that the proper accrual date was the date that the benefits were changed, the court found otherwise because the retired employees “would have no indication that the changes in benefits would affect them until they received notification” (id. at 1268). Thus, the alleged breach accrued only when the retirees received a letter notifying them of the changes to their health insurance contributions, even though the actual change, and arguably therefore the breach, took place before.
Similarly, plaintiff would have no reason to know that defendant purchased the site unless defendant notified plaintiff, as *429 that information was solely within defendant’s control. In this case, fairness and justice dictates that the accrual period runs from the date that plaintiff knew of the acquisition. The consulting contract, presumably drafted by defendant, has conspicuously omitted any obligation of defendant to notify plaintiff when a closing has taken place, even though the contract also provides that payment is due upon closing. If the court were to hold otherwise, defendant could avoid its contractual obligations by not notifying plaintiff of its entitled commission. All contracts require good faith. It could not have been the legislature’s intent that defendant avoid its contractual obligations in this manner. Accordingly, the notice of claim was timely filed.
It is hereby ordered that the motion is granted as to dismissal of the unjust enrichment claim and is otherwise denied.

. At the time of the contract, plaintiff was known as “Staubach Company of New York, LLC” but later changed its name to “Jones Lang LaSalle” (see discussion infra).

. If defendant disputes the existence of the contract in the future, and assuming defendant would not be judicially estopped from doing so, the court will reinstate the unjust enrichment cause of action, nunc pro tunc.

. Plaintiff argues that an examination of the express terms of section 1744 (2) confirms that it does not apply here because plaintiffs claims do not in any way relate to the design, construction, reconstruction, improvement, rehabilitation, repair, furnishing or equipping of educational facilities. Plaintiff further argues that defendant has not cited any cases in which a notice of claim was required for a breach of a brokerage agreement. In contrast, defendant argues plaintiffs claim does relate to the construction of educational facilities, and, the words “for any cause whatever” broadly encompasses this matter (reply mem of law at 2). The court need not reach this issue, however, which depends on how broadly the term “relating to” is read, because if a notice of claim is required, it was timely served.

. Although the construction cases cited herein support the proposition that this claim accrues once a request for payment is submitted, the invoice date is not the appropriate date of accrual here because such a date would provide an unlimited amount of time to file a notice of claim, where, as here, the contract does not require that invoices are sent within a certain period of time.