| |
|:---:|
| **Radjeva v City of New York** |
| 2025 NY Slip Op 34395(U) |
| November 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157420/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** |
| | *Justice* |

-----------------------------------------------------------------------------X

ALEKSANDRA RADJEVA,

Plaintiff,

- v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION, NEW YORK STATE URBAN
DEVELOPMENT CORPORATION

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **05M** |
| **INDEX NO.** | 157420/2024 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 39, 40, 42

were read on this motion to _____ DISMISS _____.

Upon the foregoing papers, defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation ("ESD") moves for an order: (1) dismissing plaintiff's amended complaint as against ESD for failure to serve a notice of claim; (2) in the alternative, granting ESD leave pursuant to CPLR § 3025 (b) to amend its answer to assert an affirmative defense based on the expiration of the statute of limitations; (3) dismissing the amended complaint as against ESD as time-barred under the applicable one-year-and-ninety-day limitations period; and (4) granting such other and further relief as the court deems just and proper. Plaintiff opposes.

## BACKGROUND AND PROCEDURAL HISTORY

This personal-injury action arises from a trip-and-fall accident alleged to have occurred on May 17, 2023, on the sidewalk on Ninth Avenue between West 31st Street and West 33rd Street in Manhattan. Plaintiff alleges she was caused to trip and fall due to a defective condition in the sidewalk and sustained personal injuries as a result of the negligence of one or more of the defendants.

Plaintiff commenced this action by filing a summons and complaint against the City of New York and the New York City Department of Transportation ("NYCDOT") on August 13, 2024. The City and NYCDOT interposed an answer on September 25, 2024.

On October 14, 2024, plaintiff filed a supplemental summons and amended complaint adding ESD as a defendant. The City and NYCDOT answered the amended complaint on November 26, 2024. ESD interposed its verified answer on February 26, 2025, which included, *inter alia*, an affirmative defense alleging that plaintiff failed to comply with "relevant laws,

**157420/2024 RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 1 of 8**

1 of 8

statutes, ordinances and/or other applicable regulations concerning pre-suit notice (e.g., notice of claim)" and failed to submit to required municipal hearings.

It is undisputed on this record that plaintiff did not serve any notice of claim upon ESD. It is further undisputed that plaintiff first commenced an action against ESD by filing the supplemental summons and amended complaint on October 14, 2024—more than one year and ninety days after the May 17, 2023 accident.

ESD now moves to dismiss based on plaintiff's failure to serve a timely notice of claim and failure to commence the action against ESD within the one-year-and-ninety-day period prescribed by Public Authorities Law § 3567(1), and, in the alternative, seeks leave to amend its answer to assert a specific statute of limitations defense. Plaintiff opposes, principally arguing that Public Authorities Law § 3567(1) does not apply to ESD, that ESD has invoked a statute applicable only to the Roswell Park Cancer Institute Corporation, and that any late effort to add a limitations defense is both legally baseless and prejudicial after approximately a year of litigation.

## ARGUMENTS

ESD argues that plaintiff's claims against it are barred both by failure to serve a notice of claim and by untimeliness.

Relying on Public Authorities Law § 3567(1), ESD contends that plaintiff was required, as a condition precedent to suit, to serve a notice of claim on ESD within the time prescribed by GML § 50–e(1), i.e., within 90 days of the accrual of the claim. ESD further contends that § 3567(1) imposes a substantive limitations period requiring that any action for personal injury against ESD be commenced within one year and ninety days of the event upon which the claim is based. Because plaintiff admittedly never served a notice of claim on ESD and did not commence the action against ESD until October 14, 2024—well beyond the one-year-and-ninety-day period, which expired on August 15, 2024—ESD argues that the claims are barred as a matter of law.

ESD relies *on Smarsch v New York State Urban Dev. Corp.*, 2009 NY Slip Op 31081(U) (Sup Ct, NY County), where the court applied Public Authorities Law § 3567(1) to ESD and dismissed a personal injury claim against ESD for failure to serve a timely notice of claim and failure to commence suit within one year and ninety days.

In the alternative, ESD seeks leave to amend its answer under CPLR § 3025(b) to add an explicit affirmative defense that plaintiff's claims are barred by the applicable statute of limitations. Citing *New York Cent. Ins. Co. v Berdar Equities Co.,* 33 Misc 3d 1214(A), as well as *Fahey v County of Ontario*, 44 NY2d 934 (1978), *Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166 (1989), *Herrick v Second Cuthouse*, 64 NY2d 692 (1984), *Seda v New York City Hous. Auth.*, 181 AD2d 469 (1st Dept 1992), and *Solomon Holding Corp. v Golia*, 55 AD3d 507 (1st Dept 2008), ESD argues that leave to amend to assert a statute of limitations defense should be "freely given," absent prejudice or surprise, especially where the defense is meritorious on its face. ESD contends there is no prejudice because, even had the defense been pled at the outset, plaintiff's claim was already time-barred and incapable of being cured once the one-year-and-ninety-day period expired.

**157420/2024  RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL**          **Page 2 of 8**
**Motion No.  001**

2 of 8

ESD therefore asks the court to (1) dismiss the amended complaint as against ESD for failure to serve a notice of claim and for untimeliness, and (2) if necessary, grant leave to amend ESD's answer to expressly assert the statute of limitations defense and then dismiss on that ground as well.

Plaintiff opposes the motion on several grounds.

First, plaintiff argues that Public Authorities Law § 3567(1) does not apply to ESD at all. Plaintiff contends that § 3567(1) is part of the Roswell Park Cancer Institute Corporation Act, a statute that pertains to a health-care corporation rather than to ESD. Plaintiff characterizes ESD's reliance on § 3567(1) as "mystifying" and asserts that ESD has simply invoked a statute governing a different public authority. Because the statute is allegedly inapplicable, plaintiff argues that ESD has failed to demonstrate any notice of claim requirement or one-year-and-ninety-day limitations period that could bar her claim.

Second, plaintiff argues that ESD waived any statute of limitations defense by failing to assert it specifically in its original answer. Plaintiff maintains that ESD could have, but did not, plead the one-year-and-ninety-day limitation period as an affirmative defense, and that an amendment now—after roughly a year of litigation and the completion of significant discovery— is both "surprising and prejudicial." According to plaintiff, ESD "has not even demonstrated what the applicable statute of limitations would be," and its proposed amendment rests entirely on a statute that does not govern ESD. Plaintiff characterizes the proposed amendment as "palpably insufficient" and "patently devoid of merit" under *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340 (2d Dept 2005), and related authority, and urges the court to deny leave.

Third, plaintiff asserts prejudice and surprise, emphasizing that ESD seeks to inject a dispositive timeliness defense after the parties have been litigating the merits and conducting substantial discovery. Plaintiff argues that this late shift in litigation posture, especially when predicated on an allegedly inapplicable statute, is precisely the kind of prejudice that warrants denial of leave to amend under CPLR § 3025(b).

Plaintiff therefore requests that the court deny ESD's motion in its entirety.

In reply, ESD reiterates that Public Authorities Law § 3567(1) applies to ESD and is not limited to the Roswell Park Cancer Institute Corporation. ESD notes that the identical statutory language was applied in *Smarsch* to claims brought against ESD itself, and that the statute expressly conditions the maintenance of personal injury actions against "the corporation" upon the timely service of a notice of claim and commencement of the action within one year and ninety days.

ESD emphasizes that it is undisputed that plaintiff never served a notice of claim on ESD and that the amended complaint naming ESD was not filed until October 14, 2024—two months after the one-year-and-ninety-day period expired on August 15, 2024. ESD contends that, under Public Authorities Law § 3567(1), GML §§ 50–e and 50–i, and controlling Court of Appeals precedent, the court lacks discretion to permit a late notice of claim or to overlook the failure to comply with the statutory condition precedent once that outer limitation period has expired.

[* 3]

With respect to amendment, ESD argues that its proposed statute of limitations defense is facially meritorious, that plaintiff cannot demonstrate any prejudice where the claim was time-barred from the outset, and that the amendment merely clarifies and amplifies timing and notice issues already flagged by the pre-suit-notice affirmative defense in its original answer.

## DISCUSSION

### A. Legal Framework: Notice of Claim and Limitations Period

Public Authorities Law § 3567(1) governs actions for personal injury and property damage against the New York State Urban Development Corporation. The statute provides, in relevant part, that no action "shall be prosecuted or maintained" against the corporation, its members, officers, or employees for personal injury or property damage allegedly sustained by reason of the negligence or tort of the corporation unless:

- a notice of claim has been made and served upon the corporation within the time limit set by and in compliance with GML § 50–e; and
- "the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based."

Public Authorities Law § 3567(1) thus incorporates the notice-of-claim requirements of GML § 50–e and imposes a one-year-and-ninety-day limitations period analogous to that contained in GML § 50–i for tort claims against municipalities.

GML § 50–e(1)(a) in turn provides that, in any tort case where a notice of claim is required as a condition precedent to suit against a public corporation, the notice must be served within 90 days after the claim arises. The service of a timely notice of claim is a statutory condition precedent to suit, not a mere procedural formality. Failure to comply with this condition precedent ordinarily warrants dismissal of the action (*see Parochial Bus Sys., Inc. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 548 [1983]; *Brown v City of New York*, 95 NY2d 389, 392–393 [2000]).

Although GML § 50–e(5) permits a court, in its discretion, to grant leave to serve a late notice of claim, the statute expressly provides that "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." The Court of Appeals has repeatedly held that once the outer limitations period has expired, a court is without authority to permit the late service of a notice of claim (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982][A court is without power to authorize the late filing of a notice of claim after the statute of limitations has run]; *Hall v City of New York*, 1 AD3d 254 [1st Dept 2003][same principle applied under GML § 50–e[5]]).

The combined effect of Public Authorities Law § 3567(1) and GML §§ 50–e and 50–i, therefore, is twofold: (1) a timely notice of claim is a condition precedent to suit against ESD, and (2) any action against ESD for personal injuries must be commenced within one year and ninety days of the event, after which both the cause of action and the court's power to grant late notice relief are extinguished.

157420/2024   RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL                    Page 4 of 8
Motion No.  001

4 of 8

[* 4]

### B. Applicability of Public Authorities Law § 3567(1) to ESD

Plaintiff's principal argument is that Public Authorities Law § 3567(1) is part of the Roswell Park Cancer Institute Corporation Act and is therefore inapplicable to ESD. That contention is not supported by the statute's text or by the case law cited to the Court.

ESD's submissions demonstrate that Public Authorities Law § 3567(1) has been expressly applied to actions against ESD. In *Smarsch v New York State Urban Dev. Corp.*, 2009 NY Slip Op 31081(U) (Sup Ct, NY County), the plaintiff, like plaintiff here, sought to recover personal injury damages from ESD for an accident occurring on premises owned by ESD. The court held that, "[i]n order for [plaintiff] to recover damages from Empire State, he is required, under section 3567(1) of New York's Public Authorities Law, to file a notice of claim," and then quoted the same statutory language invoked by ESD here, including the one-year-and-ninety-day commencement requirement. The court denied leave to file a late notice of claim and dismissed the action against ESD for failure to comply with those statutory preconditions.

Although *Smarsch* is a trial-level decision, it is directly on point and applies the very provision plaintiff insists is misdirected. More importantly, the text of § 3567(1) itself, as quoted in the submissions, is framed in general terms applicable to "the corporation" and cross-references GML § 50–e in the same manner as other provisions governing claims against public authorities. On this record, and in light of *Smarsch*, the Court concludes that Public Authorities Law § 3567(1) governs personal injury claims against ESD. Plaintiff's assertion that the statute applies exclusively to a different health-care-related authority is unpersuasive.

Accordingly, plaintiff's claims against ESD are subject to:

1. a notice of claim requirement, with notice to be served within 90 days of accrual, and
2. a one-year-and-ninety-day limitations period measured from the date of the event.

### C. Application to the Facts: Failure to Serve a Notice of Claim and Untimely Commencement

The relevant dates are undisputed. Plaintiff alleges that the accident occurred on May 17, 2023. Under GML § 50–e(1)(a), the 90-day period within which plaintiff had to serve a notice of claim on ESD expired on or about August 15, 2023. Under Public Authorities Law § 3567(1), the one-year-and-ninety-day period within which plaintiff was required to commence an action against ESD expired on or about August 15, 2024.

Plaintiff concedes—and the record confirms—that no notice of claim was ever served on ESD. Plaintiff further concedes that the action against ESD was not commenced until October 14, 2024, when the supplemental summons and amended complaint first named ESD as a defendant. Thus, by the time plaintiff attempted to sue ESD, both the 90-day notice period and the one-year-and-ninety-day limitations period had already expired.

In these circumstances, the court's analysis is straightforward. Because a timely notice of claim is a condition precedent to suit under Public Authorities Law § 3567(1) and GML § 50–e,

**157420/2024   RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL**                    **Page 5 of 8**
**Motion No.  001**

5 of 8

plaintiff's undisputed failure to serve such notice is fatal to her claims absent leave to serve a late notice (*see Parochial Bus Sys.*, 60 NY2d at 548; *Brown*, 95 NY2d at 392–393). Yet GML § 50–e(5) expressly forecloses any extension of the notice-of-claim deadline beyond "the time limited for the commencement of an action by the claimant against the public corporation," and the Court of Appeals has made clear that courts lack authority to grant late notice relief once that outer limitation has passed (*Pierson*, 56 NY2d at 954; *Hall*, 1 AD3d at 254).

Here, the one-year-and-ninety-day period expired on or about August 15, 2024. Plaintiff did not name ESD until October 14, 2024. No application for leave to serve a late notice of claim has been made, and even if it had been, it would necessarily be time-barred, as the statute and the Court of Appeals decisions prohibit extending the notice period beyond the limitations period. Thus, there is no procedural mechanism by which plaintiff can cure the failure to serve a notice of claim or revive an otherwise time-barred claim.

Nor does the relation-back doctrine assist plaintiff. Relation back cannot be used to circumvent statutory notice-of-claim requirements or the outer limitation imposed by statutes such as Public Authorities Law § 3567(1) and GML § 50–i. A plaintiff cannot accomplish indirectly—by later naming a new municipal or public-authority defendant—what the Legislature has prohibited once the time to sue that defendant, and to serve the requisite notice, has expired (*see Pierson*, 56 NY2d at 954; *cf. Brown*, 95 NY2d at 393–394 [strict enforcement of statute of limitations and notice-of-claim provisions against municipal defendants]).

Accordingly, as a matter of law, plaintiff's claims against ESD are barred both by failure to serve a notice of claim and by failure to commence the action against ESD within one year and ninety days of the accident. Those defects are fatal and incurable on this record. Dismissal is therefore required.

### D. ESD's Motion to Amend Its Answer

Although the court concludes that dismissal is independently warranted based on the notice-of-claim and limitations defects, it is appropriate to address ESD's alternative request to amend its answer to assert an explicit statute of limitations defense.

CPLR § 3025(b) provides that leave to amend "shall be freely given upon such terms as may be just," absent prejudice or surprise resulting directly from the delay. The Court of Appeals and the Appellate Division have consistently held that leave to amend to add a statute of limitations defense should ordinarily be granted where the amendment is not palpably insufficient or patently devoid of merit and where the opposing party cannot show prejudice. As summarized in *New York Cent. Ins. Co. v Berdar Equities Co.*, 33 Misc 3d 1214(A), leave to amend to add a statute of limitations defense is generally appropriate absent demonstrable prejudice or surprise and where the proposed defense is not plainly without merit.

Here, ESD's proposed statute of limitations defense is not only colorable; it is clearly meritorious. The undisputed chronology establishes that the accident occurred on May 17, 2023; the outer limitation period under Public Authorities Law § 3567(1) expired on August 15, 2024;

**157420/2024   RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL**                    **Page 6 of 8**
**Motion No.  001**

6 of 8

and the action against ESD was not commenced until October 14, 2024. The defense therefore rests on the face of the pleadings and the procedural record and, as discussed above, is dispositive.

Nor has plaintiff demonstrated prejudice or surprise of the sort that would warrant denial of leave. Mere lateness in moving to amend, without a showing that the opponent was hindered in preparing or presenting its case, does not constitute prejudice (*see Fahey*, 44 NY2d at 934). Here, ESD's original answer already contained an affirmative defense alleging plaintiff's failure to comply with "relevant laws…concerning pre-suit notice (e.g., notice of claim)," thereby signaling that timing and notice issues were in dispute from the outset. The proposed amendment simply clarifies and specifies the applicable limitations bar. Plaintiff does not identify any lost evidence, foreclosed strategic options, or other concrete prejudice attributable to the timing of the motion, as opposed to the substantive effect of the statute itself.

Moreover, plaintiff cannot credibly claim prejudice from the assertion of a statute of limitations defense where, even if the defense had been pled on the first day, the claim against ESD would still have been time-barred and incapable of cure, given the expired one-year-and-ninety-day period. In these circumstances, any "prejudice" plaintiff experiences flows from the Legislature's policy choices embodied in Public Authorities Law § 3567(1) and GML §§ 50–e and 50–i, not from the timing of ESD's application.

Because the proposed statute of limitations defense is meritorious and plaintiff has not shown prejudice or surprise within the meaning of CPLR § 3025(b), leave to amend would be warranted. However, in light of the court's conclusion that plaintiff's claims against ESD must be dismissed as a matter of law for failure to serve a notice of claim and failure to commence within one year and ninety days, the amendment is largely academic. In the exercise of its discretion, the court grants leave to amend solely to the extent of deeming ESD's proposed amended answer (with the statute of limitations defense) served and filed *nunc pro tunc*, and then dismisses the amended complaint as against ESD based on the notice-of-claim and limitations bars discussed above.

### E. Prejudice, Waiver, and Equity

Finally, the court has considered plaintiff's equitable arguments regarding surprise and the progression of discovery. The Court does not minimize the practical impact that dismissal under these statutes can have on an injured litigant. But the notice-of-claim and limitations provisions governing suits against public entities and authorities reflect legislative judgments about the need for prompt notice, timely investigation, and predictability in public finances. As the Court of Appeals has emphasized, courts are not at liberty to disregard or extend these statutory preconditions once the time periods they establish have run (*Pierson*, 56 NY2d at 954; *Parochial Bus Sys.*, 60 NY2d at 548).

Nor does the limited discovery that has occurred alter the analysis. The critical facts—date of accident, absence of a notice of claim to ESD, and date ESD was first named as a defendant—were known to plaintiff from the outset and appear on the face of the record. No further factual development could cure the failure to comply with statutory conditions precedent that are, by their nature, time-sensitive and jurisdictional in effect.

**157420/2024   RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL**                **Page 7 of 8**
**Motion No.  001**

7 of 8

Accordingly, plaintiff's equitable objections do not provide a basis to deny ESD's motion in the face of clear statutory bars.

For the foregoing reasons, it is

ORDERED that the branch of defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation's motion seeking dismissal of the amended complaint as against it for failure to serve a notice of claim and for failure to timely commence the action pursuant to Public Authorities Law § 3567(1), GML § 50–e, and CPLR § 3211(a)(5) is granted; and it is further

ORDERED that the amended complaint is dismissed in its entirety as against defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation; and it is further

ORDERED that the branch of defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation's motion seeking leave to amend its answer pursuant to CPLR § 3025(b) to assert a statute of limitations defense is granted to the limited extent that defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation's proposed amended answer annexed to the motion papers shall be deemed served and filed *nunc pro tunc*, but such amendment does not alter the foregoing dismissal; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation, with costs and disbursements as taxed by the Clerk; and it is further

ORDERED that the action shall continue as against the remaining defendants, City of New York and New York City Department of Transportation.

This constitutes the decision and order of the court.

| | |
|---|---|
| **11/18/2025** | |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157420/2024   RADJEVA, ALEKSANDRA vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 8 of 8

8 of 8

[* 8]