| |
|:---:|
| **Espinosa v Cape Church Assoc., LLC** |
| 2026 NY Slip Op 30733(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 160747/2019 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**　　　　　　　　PART　　　　04

*Justice*

-------------------------------------------------------------------------------X

JOSE SABIAGA ESPINOSA,

　　　　　　　　　　　Plaintiff,

　　　　- v -

CAPE CHURCH ASSOCIATES, LLC,CONSIGLI &
ASSOCIATES, LLC,T.G. NICKEL & ASSOCIATES, LLC,

　　　　　　　　　　　Defendants.

-------------------------------------------------------------------------------X

CAPE CHURCH ASSOCIATES, LLC, CONSIGLI &
ASSOCIATES, LLC

　　　　　　　　　　Third-Party Plaintiffs,

　　　　　-against-

AM ARCHITECTURAL METAL & GLASS INC.

　　　　　　　　　　Third-Party Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160747/2019 |
| MOTION DATE | 02/23/2024, 02/27/2024 |
| MOTION SEQ. NO. | 007 008 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595913/2020

The following e-filed documents, listed by NYSCEF document number (Motion 007) 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 342, 344, 345, 346, 356, 358, 360

were read on this motion to/for　　　　　　　　JUDGMENT - SUMMARY　　　　　　　　.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 343, 347, 348, 349, 350, 351, 352, 353, 354, 355, 357, 359, 361, 362, 363

were read on this motion to/for　　　　　　　　JUDGMENT - SUMMARY　　　　　　　　.

Upon the foregoing documents, Cape Church Associates, LLC and Consigli & Associates,

LLC's motion, pursuant to CPLR 3212, for summary judgment on their contractual

**160747/2019 ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC**
**Motion No. 007 008**

**Page 1 of 10**

1 of 10

indemnification claim against AM Architectural Metal & Glass Inc. ("AMA") is granted and AMA's motion for summary judgment dismissing the third-party action is granted in part.

## FACTUAL BACKGROUND

Cape Church Associates, LLC ("Cape Church") owns the property at 149 Church Street, New York, New York (the "Premises"). Cape Church hired T.G. Nickel & Associates LLC ("T.G. Nickel"), as the construction manager for a construction project at the Premises. T.G. Nickel, in turn, retained AMA, in an Agreement between Contractor and Subcontractor dated June 6, 2016 (the "Subcontract"), to work on the project (NYSCEF Doc No. 304, Agreement between Contractor and Subcontractor). On June 6, 2019, T.G. Nickel filed a Certificate of Amendment of Articles of Incorporation, changing its name to Consigli & Associates, LLC (NYSCEF Doc No. 305).

### Plaintiff's EBT Testimony

AMA hired plaintiff to install glass and weld beams and pipes at the Premises (NYSCEF Doc No. 271, Espinosa tr. at 20, 23). Plaintiff testified that he only received instructions from Marco Cajamarca Miranda, AMA's foreman on the project (*id.* at 25-27, 33). On October 3, 2019, plaintiff was installing a twenty-foot-long iron pipe onto the ceiling, as a support for a future glass installation (*id.* at 37-38, 41). As the pipe was being hoisted to the ceiling, the ceiling came loose and the pipe fell and struck plaintiff (*id.* at 42-49).

### Marco Cajamarca Miranda's EBT Testimony

Marco Cajamarca Miranda, AMA's foreman, testified that AMA's scope of work on the project was installing a "curtain wall" as well as windows and a "skyline" (NYSCEF Doc No. 296, Miranda tr. at 15). He further testified that he was plaintiff's supervisor on the job site, along with the foreman of the welders, who was either an AMA employee or subcontractor (*id.* at 33-34, 47).

**160747/2019  ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC**
**Motion No.  007 008**

**Page 2 of 10**

2 of 10

He testified that a supervisor from Consigli would visit two to three times a week, when necessary (*id.* at 15-16).

*Craig Capodiferro's EBT Testimony*

Craig Capodiferro, Consigli's superintendent, served as the construction manager for the project (NYSCEF Doc No. 295, Capodiferro tr. at 28). Capodiferro testified that Consigli oversaw the entire project (*id.* at 29, 39, 46-47). He testified that Consigli's staff and site safety manager would walk around the work site, performing "spot checks" and assess the construction (*id.* at 39, 90-91). While Capodiferro regularly met with a representative of AMA to understand how it would be performing its work, Consigli did not dictate the means and methods of performing that work and did not instruct welders, like plaintiff, as to how they should move beams or pipes (*id.* at 36-38).

## PROCEDURAL HISTORY

Plaintiff commenced this action on November 5, 2019, asserting claims against Cape Church and Consigli for violations of Labor Law §§200, 240(1), and 241(6) and common law negligence (NYSCEF Doc No. 1, plaintiff's complaint).

By letter dated July 27, 2020, the Third-Party Plaintiffs demanded that AMA defend and indemnify them (NYSCEF Doc No. 307). AMA's insurer, American Empire Surplus Lines Insurance Company, initially rejected the demand (NYSCEF Doc No. 308). On November 4, 2020, Cape Church and Consigli commenced a third-party action against AMA asserting claims for common law indemnification, contractual indemnification, and breach of contract in failing to procure insurance (NYSCEF Doc No. 20, third-party complaint). AMA answered and asserted a counterclaim against Cape Church and Consigli for contribution (NYSCEF Doc No. 44, third-party answer at 8-9).

**160747/2019 ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC** **Page 3 of 10**
**Motion No. 007 008**

3 of 10

On May 11, 2022, AMA's insurer subsequently accepted the tender for defense and indemnification of Cape Church, based on the insurance policy's blanket endorsement for contractually designated additional insureds (NYSCEF Doc No. 309, acceptance of tender at 4). However, the insurer maintained its denial of coverage to Consigli, on the grounds that

> [t]he contract in which AM agrees to add an additional insured to the policy is between AM and T.G. Nickel, not Consigli. T.*G. Nickel's rights in the contract between AM and T.G. Nickel were not assigned to Consigli.* As such, Consigli does not qualify as an additional insured under the American Empire policy, and the duty to defend and indemnify has not been triggered

(NYSCEF Doc No. 310, redenial at 12).

### The Instant Motions

In motion sequence 007, Cape Church and Consigli (collectively, the "Third-Party Plaintiffs") move for summary judgment on their contractual indemnification and breach of contract claims, seeking an order declaring that: (1) they are entitled to contractual indemnification from AM Architectural; and (2) AMA failed to procure insurance coverage for the Third-Party Plaintiffs. AMA opposes the motion, arguing that Consigli is not a party to the Subcontract, which was executed by AMA and T.G. Nickel and never assigned from T.G. Nickel to Consigli, and in the absence of any contractual obligation, the common law contribution and indemnification claims are barred under Workers' Compensation Law §11. AMA further argues that its insurance policy's blanket endorsement for additional insured satisfied its contractual obligation to procure insurance. In reply, the Third-Party Plaintiffs submit the Certificate of Amendment of Articles of Incorporation reflecting the change of T.G. Nickel's name to Consigli & Associates LLC and argues that it is therefore a party to the Subcontract. In motion sequence 008, AMA moves for summary judgment dismissing the third-party action, reiterating the arguments it made in

160747/2019   ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC
Motion No.  007 008

Page 4 of 10

4 of 10

[* 4]

opposition to the Third-Party Plaintiffs' motion. Motion sequences 007 and 008 are consolidated for disposition.

## DISCUSSION

<u>Cape Church and Consigli's Motion for Summary Judgment</u>

A party moving for summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law (*Alvarez v Prospect Hosp*, 68 NY2d 320 [1986]). Once that showing has been made, the burden shifts to the parties opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (*Zuckerman v City of New York*, 49 NY2d 557 [1980]).

### *Contractual Indemnification*

The Third-Party Plaintiffs' motion for summary judgment on their contractual indemnification claim is granted. A party is entitled to full contractual indemnification where: (1) the intent to indemnify is clearly implied from the language and purpose of the agreement and the surrounding facts and circumstances (*see Drzewinski v Atl. Scaffold & Ladder Co., Inc.*, 70 NY2d 774, 777 [1987]) and (2) the movant establishes it is free from negligence (*see Ruisech v Structure Tone Inc.*, 208 AD3d 412, 417 [1st Dept 2022], *affd as mod*, 42 NY3d 1061 [2024]). The Third-Party Plaintiffs have satisfied this standard.

The parties' intent to indemnify is clearly implied in section 4.6.1 of the Subcontract, which provides that:

> To the fullest extent permitted by law, in addition to, and not in derogation of, the Subcontractor's responsibility to indemnify as set forth in other Contract Documents, the Subcontractor shall indemnify, defend with counsel reasonably acceptable to the Contractor and Owner, and hold harmless the Contractor, Owner, Cape Church Associates, 483 Broadway, New York 10013 any lender(s) for the Project […] <u>arising out of or resulting from any performance of and/or failure to perform the Work</u>, acts or omissions

**160747/2019 ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC** **Page 5 of 10**
**Motion No. 007 008**

5 of 10

[* 5]

of the Subcontractor […] but only to the extent caused by the acts and/or omissions or a breach of contract of the Subcontractor

(NYSCEF Doc No. 304, Subcontract at 8-9 [emphasis added]).

This provision requires AMA to indemnify the Third Party "for damages caused by an act occurring in, arising out of, or resulting from, [AMA's] performance of its work" (*99 Wall Dev., Inc. v Consigli & Assoc., LLC*, 233 AD3d 424, 426 [1st Dept 2024] [internal citations omitted]). As the injury at issue here allegedly occurred while plaintiff was performing work on the project as an AMA employee, it necessarily arises out of AMA's performance under the Subcontract (*see Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 273 [1st Dept 2007]).

The Third-Party Plaintiffs also established that they were free of negligence through the unvarying EBT testimony of various party witnesses that neither Cape Church nor Consigli controlled the manner and method of plaintiff's work. Consigli's "general duty to supervise the work and ensure compliance with safety regulations does not amount to supervision and control of the work site such that the supervisory entity would be liable for the negligence of the contractor who performs the day-to-day operations" (*Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-69 [1st Dept 1998] [internal citations and quotations omitted]). "By the same token, the fact that [Cape Church] may have dispatched persons to observe the progress and method of the work does not render it actively negligent" (*id.* [internal citations and quotations omitted]). In short, "[s]ince this injury plainly occurred during the course of the subcontractor's work, and there is no evidence" that Cape Church or Consigli were negligent, they are entitled to summary judgment on their contractual indemnification claim (*Hoelle v New York Equities Co.*, 258 AD2d 253 [1st Dept 1999]; *see also Torres v Morse Diesel Intern., Inc.*, 14 AD3d 401, 403 [1st Dept 2005]).

160747/2019   ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC
Motion No.  007 008

Page 6 of 10

[* 6]

Contrary to AMA's claim, Consigli's corporate name change does not render the Subcontract unenforceable (*see Harmon v Ivy Walk Inc.*, 48 AD3d 344, 347 [1st Dept 2008] [contractor's failure to notify Department of Consumer Affairs of name change, as required by Administrative Code §20-393 (7), did not invalidate the arbitration provision of its home improvement contract with petitioner, where petitioners knew at all times who they were dealing with, as contractor's address, ownership, phone and tax ID numbers had not changed]; *see also Jones Lang LaSalle of New York, LLC v New York City School Const. Auth.*, 31 Misc 3d 424, 427 [Sup Ct, NY County 2011] [plaintiff's name change did not affect its "standing to assert its claim"]). The fundamental premise of AMA's argument, that a change in a corporation's name vitiates all contracts executed under its prior name, has no foundation in law. Finally, AMA's argument that Capodiferro's testimony contradicts Consigli's position that T.G. Nickel changed its name to Consigli & Associates LLC is unavailing, as he specifically testified that Consigli "took over the company" and "changed the name" (*id.* at 103-104).

### *Breach of Contract for Failure to Procure Insurance*

The Third-Party Plaintiff's motion for summary judgment on their claim for breach of contract predicated upon AMA's alleged failure to procure insurance is denied. It is undisputed that AMA purchased a liability policy "with a blanket endorsement for contractually designated additional insureds," which renders the Third-Party plaintiffs' claim that it "breached its obligation to procure insurance untenable" regardless of any failure by AMA to specifically identify these parties as additional insured as required under Article 13 of the Subcontract (*Perez v Morse Diesel Intern., Inc.*, 10 AD3d 497, 498 [1st Dept 2004] [internal citations omitted]). The insurer's refusal to indemnify Consigli under the coverage purchased "does not alter this conclusion" (*id.*).

**160747/2019  ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC**          **Page 7 of 10**
**Motion No.  007 008**

[* 7]                                                          7 of 10

AMA's Motion for Summary Judgment

For the reasons stated above, AMA's motion for summary judgment dismissing Cape Church and Consigli's contractual indemnification claim is denied and its motion for summary judgment dismissing the Third-Party Plaintiffs' breach of contract claim is granted.

AMA's motion for summary judgment dismissing the Third-Party Plaintiff's common law indemnification and contribution claims is also granted. Workers' Compensation Law § 11 provides that

> An employer shall not be liable for contribution or indemnity[1] to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury"

(Workers' Compensation Law §11).

"Grave injury" is narrowly defined under the statute, and contemplating only:

> death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

(*id.*).

Here, plaintiff alleges injuries to his chest, shoulder, and spinal injuries, which are not grave injuries as defined in Workers' Compensation Law §11 (*see Butler v Marco Realty Assoc., L.P.,* ---- NYS.3d ----; 2026 NY Slip Op 01006 [1st Dept 2026] ["plaintiff's shoulder and spine injuries are not among the "grave injuries" enumerated in Workers' Compensation Law § 11"]; *TCS Constr.*

---

[1] This prohibition does not apply contribution or indemnification claims "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law §11).

**160747/2019  ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC**
**Motion No.  007 008**

*Corp. v AmTrust N. Am., Inc.*, 235 AD3d 479, 481 [1st Dept 2025] [back and neck injuries not grave injuries]; *Angwin v SRF Partnership, L.P.*, 285 AD2d 568, 569 [2d Dept 2001] [cerebral concussion and "exacerbation of a herniated cervical disc" not grave injuries]). Accordingly, the Third-Party Plaintiffs' common law indemnification and contribution claims must be dismissed (*id.*).

In light of the foregoing, it is

**ORDERED** that Cape Church Associates, LLC and Consigli & Associates, LLC's motion for summary judgment on their contractual indemnification claim against AM Architectural Metal & Glass, Inc. is granted; and it is further

**ORDERED**, **ADJUDGED**, and **DECLARED** that AM Architectural Metal & Glass Inc. has a contractual duty to indemnify Cape Church Associates, LLC and Consigli & Associates, LLC in this action; and it is further

**ORDERED** that Cape Church Associates, LLC and Consigli & Associates, LLC's motion for summary judgment on their breach of contract claim for failure to procure insurance is denied; and it is further

**ORDERED** that AM Architectural Metal & Glass Inc.'s motion for summary judgment dismissing the third-party complaint is granted as to Cape Church and Consigli's claims for breach of contract, common law indemnification, and contribution claims, which are hereby dismissed, and is otherwise denied; and it is further

**ORDERED** that counsel for Consigli shall, within ten days of the date of this decision and order, serve a copy of same with notice of entry on all parties and the Clerk of the Court; and it is further

160747/2019   ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC
Motion No.  007 008

Page 9 of 10

9 of 10

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* available on the court's website; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly.

This constitutes the decision and order of the Court.

| 3/2/2026 | | | |
|----------|---|---|---|
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

160747/2019  ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC
Motion No.  007 008

Page 10 of 10

10 of 10